| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

I.T., a minor, b/n/f Tiffany Tucker

    VS.

KROGER LIMITED PARTNERSHIP I

## COMPLAINT FOR DAMAGES

    Comes now the plaintiff, I.T., a minor, b/n/f Tiffany Tucker, by counsel, Ken Nunn Law Office, and for cause of action against the defendant, Kroger Limited Partnership I, alleges and says:

    1.    That on or about June 19, 2021, the plaintiff, I.T., a minor, was a customer at the Kroger store located at 5173 West Washington Street in Indianapolis, Marion County, Indiana.

    2.    That on or about June 19, 2021, the plaintiff, I.T., a minor, slipped and fell in a spilled substance in an aisle at said location, causing the plaintiff to suffer serious injuries.

    3.    That it was the duty of the defendant to use ordinary care and diligence to keep and maintain the said premises in a condition reasonably safe for its intended uses and free from all defects and conditions which would render the premises dangerous and unsafe for plaintiff, or present an unreasonable risk of harm to plaintiff in his lawful use of same.

    4.    That it was the duty of the defendant to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of said premises.

    5.    That it was the duty of the defendant to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a condition reasonably safe for plaintiff and free from defects and conditions rendering the premises unsafe.

    6.    That it was the duty of the defendant to warn plaintiff of the dangerous and unsafe condition existing on said premises.

    7.    That the defendant knew or should have known of the unreasonable risk of danger to the plaintiff but failed either to discover it or to correct it after discovery.

-2-

8.      That the fall and resultant permanent injuries of plaintiff were caused by the negligence of the defendant who failed to utilize reasonable care in the inspection and maintenance of said premises.

9.      That the aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

10.     That the plaintiff has incurred medical expenses, lost wages and other special expenses, and will incur future medical expenses, lost wages and other special expenses, as a direct and proximate result of defendant's negligence.

WHEREFORE, the plaintiff demands judgment against the defendant for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses, lost wages and other special expenses, for future medical expenses, lost wages and other special expenses, court costs, and all other proper relief in the premises.

KEN NUNN LAW OFFICE


BY:    *s/ Bradford J. Smith*
         Bradford J. Smith, #22783-47
         KEN NUNN LAW OFFICE
         104 South Franklin Road
         Bloomington, IN  47404
         Phone: (812) 332-9451
         Fax: (812) 331-5321
         E-mail: brads@kennunn.com

### **REQUEST FOR TRIAL BY JURY**

Comes now the plaintiff, by counsel, Ken Nunn Law Office, and requests that this matter be tried by jury pursuant to Trial Rule 38.

-3-

KEN NUNN LAW OFFICE

BY: *s/ Bradford J. Smith*
     Bradford J. Smith, #22783-47
     KEN NUNN LAW OFFICE
     104 South Franklin Road
     Bloomington, IN 47404
     Phone: (812) 332-9451
     Fax: (812) 331-5321
     E-mail: brads@kennunn.com

Bradford J. Smith, #22783-47
Ken Nunn Law Office
104 South Franklin Road
Bloomington, IN 47404
Telephone: 812-332-9451
Fax Number: 812-331-5321
Attorney for Plaintiff

# APPEARANCE FORM (CIVIL)
## Initiating Party

| | | |
|---|---|---|
| | CAUSE NO: | |
| 1. | Name of first initiating party | I.T., a minor, b/n/f Tiffany Tucker<br>312 Barton Ave.<br>Indianapolis, IN 46241 |
| 2. | Telephone of pro se initiating party | NA |
| 3. | Attorney information (as applicable for service of process) | Bradford J. Smith #22783-47<br>Ken Nunn Law Office<br>104 South Franklin Road<br>Bloomington, IN 47404<br>PHONE:    812 332-9451<br>FAX:         812 331-5321<br>Email: bjsmith@kennunn.com |
| 4. | Case type requested | CT (Civil Tort) |
| 5. | Will accept FAX service | YES |
| 6. | Are there related cases | NO |
| 7. | Additional information required by State or Local Rules | |
| Continuation of Item 1 (Names of initiating parties) | | NAME:<br>NAME: |
| Continuation of Item 3 (Attorney information as applicable for service of process) | | |

   s/Bradford J. Smith
   Attorney-at-Law
   (Attorney information shown above.)

CIRCUIT/SUPERIOR COURTS FOR THE COUNTY OF MARION
STATE OF INDIANA
CITY COUNTY BUILDING, 200 E. WASHINGTON STREET
INDIANAPOLIS, INDIANA 46204
TELEPHONE 317 327-4740

I.T., a minor, b/n/f Tiffany Tucker

Plaintiff(s)

VS.                                    No. _____

Kroger Limited Partnership I

Defendant(s)

## SUMMONS

The State of Indiana to Defendant: **Kroger Limited Partnership I c/o Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204**

You have been sued by the person(s) named "plaintiff" in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this document. It also states the demand which the plaintiff has made and wants from you.

You must answer the complaint in writing, by you or your attorney, within Twenty (20) days, commencing the day after you receive this summons, or judgment will be entered against you for what the plaintiff has demanded. You have twenty-three (23) days to answer if this summons was received by mail. **Such Answer Must Be Made In Court.**

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Date: 10/20/2021

_Myla A. Eldridge_
CLERK, MARION CIRCUIT/SUPERIOR COURTS

BRADFORD J. SMITH, #22783-47
ATTORNEY FOR PLAINTIFF
KEN NUNN LAW OFFICE
104 FRANKLIN ROAD
BLOOMINGTON, IN  47404

**ACKNOWLEDGMENT OF SERVICE OF SUMMONS**

A copy of the above summons and a copy of the complaint attached thereto were received by me at _____ this _____ day of _____, 2021.

_____
SIGNATURE OF DEFENDANT

PRAECIPE: I designate the following mode of service to be used by the Clerk.

XX    By certified or registered mail with return receipt to above address.

☐    By Sheriff delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing therein.

☐    By _____ delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode.

☐    By serving his agent as provided by rule, statute or valid agreement, to-wit:

KEN NUNN LAW OFFICE

BY: _s/ BRADFORD J. SMITH_
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF MAILING: I certify that on the ___ day of _____, 2021, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) by (registered or certified mail requesting a return receipt signed by the addressee only, addressed to each of said defendant(s) at the address(es) furnished by plaintiff.

    Dated this ___ day of _____, 2021.

                                                    CLERK, MARION CIRCUIT/SUPERIOR COURTS

**RETURN OF SERVICE OF SUMMONS BY MAIL:** I hereby certify that service of summons with return receipt requested was mailed on the ___ day of _____, 2021, and that a copy of the return of receipt was received by me on the _____ day of _____, 2021, which copy is attached herewith.

                                                    CLERK, MARION CIRCUIT/SUPERIOR COURTS

**CERTIFICATE OF CLERK OF SUMMONS NOT ACCEPTED BY MAIL:** I hereby certify that on the ___ day of _____, 2021, I mailed a copy of this summons and a copy of the complaint to the defendant(s) by (registered or certified) mail, and the same was returned without acceptance this ___ day of _____, 2021, and I did deliver said summons and a copy of the complaint to the Sheriff of MARION County, Indiana.

    Dated this ___ day of _____, 2021.

                                                    CLERK, MARION CIRCUIT/SUPERIOR COURTS

**RETURN OF SUMMONS:** This summons came to hand on the ___ day of _____, 2021, and I served the same on the ___ day of _____, 2021.

1. By mailing a copy of the summons and complaint personally to _____ address _____.
2. By delivering a copy of summons and complaint personally to _____.
3. By leaving a copy of the summons and complaint at _____ the dwelling house or usual place of abode of defendant: _____ (Name of Person) and by mailing by first class mail a copy of the summons on the ___ day of _____, 2021 to _____ his last known address.
4. By serving his agent as provided by rule, statute or valid agreement to-wit: _____.
5. Defendant cannot be found in my bailwick and summons was not served.

And I now return this writ this ___ day of _____, 2021.

                                                    SHERIFF or DEPUTY

**RETURN ON SERVICE OF SUMMONS:** I hereby certify that I have served the within summons:

1. By delivery on the ___ day of _____, 2021 a copy of this summons and a copy of the complaint to each of the within named defendant(s) _____.
2. By leaving on the ___ day of _____, 2021 for each of the within named defendant(s) _____, a copy of the summons and a copy of the complaint at the respective dwelling house or usual place of abode with _____ a person of suitable age and discretion residing therein whose usual duties or activities include prompt communication of such information to the person served.
3. _____ and by mailing a copy of the summons without the complaint to _____ at _____ the last known address of defendant(s).

All done in MARION County, Indiana.

Fees: $_____

                                                    SHERIFF or DEPUTY

IN THE MARION SUPERIOR COURT NO. 7
STATE OF INDIANA

| | |
|---|---|
| I.T., a minor, b/n/f TIFFANY TUCKER , | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CAUSE NO.:49D07-2110-CT-035358 ) |
| KROGER LIMITED PARTNERSHIP I | ) ) ) |
| Defendant. | ) |

**E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE**

1.  The party on whose behalf this form is being filed is:

    Initiating:____    Responding:__XX____    Intervening:____; and

the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

Name of party  Kroger Limited Partnership I


Address of party *(see Question #6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*


Telephone # of party_____
 *(List on continuation page additional parties this attorney represents in this case.)*

2.  Attorney information for service as required by Trial Rule 5(B)(2):

    Name:   Jeffrey S. Zipes              Attorney Number:  15303-29
    Address: Coots, Henke  & Wheeler, P.C.  Telephone:   317  844-4693
             255 East Carmel Drive          FAX:          317  573-5385
             Carmel, Indiana 46032-2689     Computer Address: jzipes@chwlaw.com
    *(List on continuation page additional attorneys appearing for above party)*

IMPORTANT: Each attorney specified on this appearance:

  (a) certifies that the contact information listed for him on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Notice of Appeal;

(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and**
(c) **understands that he is solely responsible for keeping his Roll of Attorneys contact information accurate, see Ind. Admis. Disc. R. 2(A).**

Attorneys can review and update their Roll of Attorneys contact information on the Clerk of Courts Portal at http://portal.courts.in.gov.

3. This is a __CT__ case type as defined in administrative rule 8(B)(3):

4. This case involves child support issues. Yes:___ No:_X_ *(If yes, supply social security numbers for all family members on separately attached document filed as confidential information on* **light green paper**. *Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order. Yes: ___ No___XX___ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

   _____ Attorney's address
   _____ The Attorney General Confidentiality program address
           (Contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.state.in.us).**
   _____ Another address (provide)

This case involves a petition for involuntary commitment. Yes: ___ No: _X_

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:
      _____

   b. State of Residence of person subject to petition: _____

   c. At least one of the following pieces of identifying information:
      (i)   Date of Birth _____
      (ii)  Driver's License Number _____
            State where issued _____ Expiration date _____
      (iii) State ID number _____
            State where issued _____ Expiration date _____
      (iv)  FBI number _____
      (v)   Indiana Department of Corrections Number _____
      (vi)  Social Security Number is available and is being provided in an attached confidential document. Yes ____ No ____

7. There are related cases. Yes:___ No:_X_ *(If yes, list on continuation page)*

8 .    Additional information required by local rule: _____

9.  There are other party members represented by undersigned counsel:  Yes:___   No:__X__   (*If yes, list on continuation page*)

10.   This form has been served on all other parties. Certificate Of Service is attached: Yes:X No:

                                                  /s/ Jeffrey S. Zipes
                                    Jeffrey S. Zipes 15303-29
                                    Attorney for Kroger Limited Partnership I

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 1, 2021, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS").  I certify that the foregoing person was electronically served a copy of the foregoing document:

Bradley J. Smith
Ken Nunn Law Office
104 S. Franklin Road
Bloomington, IN 47404

                                                  /s/ Jeffrey S. Zipes
                                    Jeffrey S. Zipes

Jeffrey S. Zipes            15303-29
COOTS HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032
(317)  844-4693
jzipes@chwlaw.com

IN THE MARION SUPERIOR COURT NO. 7
STATE OF INDIANA

| | |
|---|---|
| I.T., a minor, b/n/f TIFFANY TUCKER , | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CAUSE NO.: 49D07-2110-CT-035358 |
| KROGER LIMITED PARTNERSHIP I | ) ) ) |
| Defendant. | ) |

**MOTION FOR EXTENSION OF TIME TO ANSWER
PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant, Kroger Limited Partnership I by counsel, respectfully moves the Court for an extension of time within which to answer Plaintiff's Complaint. In support of said Motion, Defendant states as follows:

1. This matter was initially filed by Plaintiff on or about October 20, 2021, and service was perfected on or about October 27, 2021. Defendant's responsive pleading is, therefore, currently due on or before November 19, 2021.

2. Undersigned counsel has just been retained in this matter to represent the Defendant's interests.

3. Undersigned counsel requires an additional thirty (30) days to investigate the facts and circumstances surrounding this incident in order to prepare an adequate answer and responsive pleading.

WHEREFORE, the Defendant, Kroger Limited Partnership I, requests a thirty (30) day extension of time, through and including, December 17, 2021, within which to file its responsive pleading to the Plaintiff's Complaint, and for all other relief just and proper in the premises.

1

Respectfully Submitted,
COOTS, HENKE & WHEELER, P.C.

/s/ *Jeffrey S. Zipes*
Jeffrey S. Zipes            #15303-29
Attorney for Defendant,
Kroger Limited Partnership I

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 1, 2021, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS"). I certify that the foregoing person was electronically served a copy of the foregoing document:

Bradley J. Smith
Ken Nunn Law Office
104 S. Franklin Road
Bloomington, IN 47404

/s/ Jeffrey S. Zipes
Jeffrey S. Zipes
Attorney for Kroger Limited Partnership I

Jeffrey S. Zipes            15303-29
COOTS HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032
(317)  844-4693
jzipes@chwlaw.com

2

FILED
November 1, 2021
CLERK OF THE COURT
MARION COUNTY
MF

IN THE MARION SUPERIOR COURT NO. 7
STATE OF INDIANA

| | |
|---|---|
| I.T., a minor, b/n/f TIFFANY TUCKER   , | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) | CAUSE NO.: 49D07-2110-CT-035358
| KROGER LIMITED PARTNERSHIP I | ) ) ) |
| Defendant. | ) |

## ORDER

Defendant, Kroger Limited Partnership I by counsel, having filed their Motion for Extension of Time to Answer Plaintiff's Complaint. And the Court having examined said Motion and being duly advised in the premises, now finds that said Motion should be granted.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant's, Kroger Limited Partnership I be granted a thirty (30) day extension of time, to and including December 17, 2021, to respond to Plaintiff's Complaint.

DATED: 11/1/2021

_____
JUDGE, MARION SUPERIOR COURT NO. 7

COPIES TO:
Jeffrey S. Zipes
COOTS HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032

Bradley J. Smith
Ken Nunn Law Office
104 S. Franklin Road
Bloomington, IN 47404

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D07-2110-CT-035358 |

I.T., a minor, b/n/f Tiffany Tucker

    VS.

KROGER LIMITED PARTNERSHIP I

FILED
November 9, 2021
CLERK OF THE COURT
MARION COUNTY
MP

## CASE MANAGEMENT PLAN

Come now the parties, by their respective counsel, submitting the following agreed Case Management Plan. The parties have conferred and agree to the establishment of the following deadlines:

1. Preliminary Witness and Exhibit Lists shall be filed no later than sixty (60) days following approval of this Case Management Plan.

2. Final Witness and Exhibit Lists shall be filed at least ninety (90) days prior to trial.

3. Plaintiff shall disclose any experts witnesses no later than one hundred and fifty (150) days prior to trial. Defendant shall disclose any expert witnesses no later than one hundred and twenty (120) days prior to trial. If a Trial Rule 35 examination is conducted, the report shall be provided to opposing counsel within 30 days of the examination and no later than one hundred and twenty (120) days prior to trial.

4. Discovery shall be completed no later than thirty (30) days prior to trial.

3. Any pre-trial motions, including motions in limine, and/or pre-trial briefs,

shall be filed no later than seven (7) days prior to the final pre-trial conference.

4. Mediation shall be completed at least ninety (90) days prior to trial.

5. Motions for Summary Judgment shall be filed no later than one hundred fifty (150) days prior to trial.

6. In the event of a continuance of the trial date, the above cutoff dates shall roll over to conform to the new trial date.

7. Parties anticipate being ready for trial by December 2022.

8. The final pre-trial conference shall be set for __Jan 31 2023 at 10:30am__ at _____ a.m./p.m.; and the Jury Trial shall be set for __Feb. 7, 2023 at 9am__, starting at _____ a.m./p.m., with ___ days set aside.

                                        Respectfully submitted,
                                        **KEN NUNN LAW OFFICE**

                           BY: *s/ Bradford Smith*
                                Bradford J. Smith, #22783-47
                                ATTORNEY FOR PLAINTIFFS

                           BY: */s/ Jeffrey Zipes*
                                Jeffrey S. Zipes, #15303-29
                                ATTORNEY FOR DEFENDANT

**This Case Management Plan is hereby approved on:** __11/8/2021__.

Judge, _____ Court

**DISTRIBUTE TO:**

Bradford J. Smith, Ken Nunn Law Office, 104 South Franklin Road, Bloomington, IN 47404

Jeffrey S. Zipes, Coots, Henke & Wheeler, P.C., 255 E. Carmel Drive Carmel, IN  46032

**UNITED STATES POSTAL SERVICE**

November 3, 2021

Dear ConnectSuite Inc :

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 9403 8356 8814 61**.

| Item Details | |
|---|---|
| Status: | Delivered |
| Status Date / Time: | October 27, 2021, 9:54 am |
| Location: | INDIANAPOLIS, IN 46204 |
| Postal Product: | First-Class Mail® |
| Extra Services: | Certified Mail™ |
| | Return Receipt Electronic |
| Recipient Name: | KROGER LIMITED PARTNERSHIP I |

| Shipment Details | |
|---|---|
| Weight: | 2.0oz |

| Recipient Signature |
|---|
| Note: There is no delivery signature on file for this item. |

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

IN THE MARION SUPERIOR COURT NO. 7
STATE OF INDIANA

| | | |
|---|---|---|
| I.T., a minor, b/n/f TIFFANY TUCKER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CAUSE NO.: 49D07-2110-CT-035358 |
| KROGER LIMITED PARTNERSHIP I | ) ) ) | |
| Defendant. | ) | |

**ANSWER TO**
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant, Kroger Limited Partnership I by counsel, and for its Answer to Plaintiff's Complaint for Damages, alleges and states as follows:

1. Kroger admits the facts stated in Rhetorical Paragraph one (1) of Plaintiff's Complaint for Damages.

2. Kroger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Rhetorical paragraph two (2) of Plaintiff's Complaint for Damages and therefore denies the same.

3. Rhetorical paragraph three (3) of Plaintiff's Complaint for Damages states a conclusion of law requiring no response thereto. In the event this rhetorical paragraph makes factual allegations against Kroger, it herein denies the same.

4. Rhetorical paragraph four (4) of Plaintiff's Complaint for Damages states a conclusion of law requiring no response thereto. In the event this rhetorical paragraph makes factual allegations against Kroger, it herein denies the same.

5. Rhetorical paragraph five (5) of Plaintiff's Complaint for Damages states a conclusion of law requiring no response thereto. In the event this rhetorical paragraph makes

factual allegations against Kroger, it herein denies the same.

6. Rhetorical paragraph six (6) of Plaintiff's Complaint for Damages states a conclusion of law requiring no response thereto. In the event this rhetorical paragraph makes factual allegations against Kroger, it herein denies the same.

7. Kroger denies the allegations contained in Rhetorical paragraph seven (7) of Plaintiff's Complaint for Damages.

8. Kroger denies the allegations contained in Rhetorical paragraph eight (8) of Plaintiff's Complaint for Damages.

9. Kroger denies the allegations contained in Rhetorical paragraph nine (9) of Plaintiff's Complaint for Damages.

10. Kroger denies the allegations contained in Rhetorical paragraph ten (10) of Plaintiff's Complaint for Damages.

Wherefore, Defendant, Kroger Limited Partnership I, by counsel, respectfully prays that Plaintiff take nothing by way of her Complaint for Damages against this defendant, for costs, and for all other just and proper relief.

## **AFFIRMATIVE DEFENSES**

1. Any and all allegations contained in Plaintiff's Complaint for Damages not specifically admitted or denied by Kroger are now specifically denied.

2. To the extent that the Indiana Comparative Fault Act applies in this case, Plaintiff is to be apportioned fault for any damages sustained.

3. Subject to the completion of discovery, there may be other parties or nonparties as that term is defined in the Indiana Comparative Fault Act whose conduct caused or contributed to cause Plaintiff's alleged damages to whom fault should be apportioned.

4. Subject to the completion of discovery, Kroger asserts that Plaintiff failed to mitigate her damages.

5. Plaintiff has failed to state a claim upon which relief can be granted.

6. Kroger reserves the right to assert additional affirmative defenses as the same become apparent or otherwise disclosed during the course of discovery.

## JURY TRIAL REQUEST

Defendant, Kroger Limited Partnership I, requests that this matter be tried by a jury.

Respectfully Submitted,
COOTS, HENKE & WHEELER, P.C.

/s/ *Jeffrey S. Zipes*
Jeffrey S. Zipes          #15303-29
Attorney for Defendant,
Kroger Limited Partnership I

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 18, 2021, I electronically filed the foregoing document using the Indiana E-filing System ("IEFS"). I certify that the foregoing person was electronically served a copy of the foregoing document:

Bradley J. Smith
Ken Nunn Law Office
104 S. Franklin Road
Bloomington, IN 47404

/s/ Jeffrey S. Zipes
Jeffrey S. Zipes
Attorney for Kroger Limited Partnership I

Jeffrey S. Zipes          15303-29
COOTS HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN  46032
(317) 844-4693
jzipes@chwlaw.com

3